OPINION
Defendant-Appellant, Joshua Simons ("appellant"), appeals from the judgment of conviction and sentence entered in the Licking County Court of Common Pleas following his no contest pleas to one count of aggravated burglary and one count of robbery in violation of R.C. Sections 2911.11 and 2911.02, respectively. Appellant assigns as error:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 I
The following facts are from the evidentiary hearing on appellant's motion to suppress and the written stipulations of the parties.
On October 29, 1997, the Newark Police Department received a telephone call from Ms. Teri Molnar who stated ". . . the boy that lives next door just came running over, two guys just came to his house, one of them hit him. They knocked him down . . . they opened up, they pushed their way in and hit him and they trashed part of his house." Ms. Molnar then indicated that she was calling from her home at 565 Ridgefield Road and that the victim was at her home.
Shortly thereafter, the police department telephoned Ms. Molnar's residence and spoke to the victim. The victim indicated that one of his assailants was a white male wearing a black hat with "South Central" written on it.
Shortly thereafter, an unknown female caller telephoned the police department stating "two people just jumped in a car across from our house. Very small car, blue and the first part of the license plate is . . . AHA, but she didn't get the rest." The unknown caller also indicated that they blue car was driving towards the Molnar residence near Union Street.
Within two minutes of the original dispatch, the responding police officer turned onto Ridgefield and observed a blue Chevy Cavalier with the letters "AHA" as the first three letters of the license plate. The officers observed this car within thirty to forty feet of Union Street on Ridgefield Road. The officer testified:
 "It seemed that the car was driving slower, I mean, not real fast, I mean maybe twenty miles an hour, and it also looked like the four subjects that I saw in the car kind of had like tunnel vision, they were looking straight ahead. Normally people look at you when you're in a marked cruiser, at least that's what I always think, they tend to look in your direction."
Having made these observations, and having concluded that the blue Chevy Cavalier met the description of the anonymous caller, the police initiated a traffic stop. The occupants of the automobile were removed and the driver of the automobile consented to a search of same. Upon conducting this consensual search, the police discovered a black had with "South Central" written on it. The victim was then transported to the scene of the traffic stop and positively identified appellant as his assailant.
Appellant subsequently filed a motion to suppress all evidence on the basis that the police lacked sufficient justification to effect the traffic stop of appellant.
We now turn to appellant's sole assignment of error.
 I
Appellant claims the trial court erred in denying his motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v.Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993),86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93;State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo
on appeal."
Appellant argues the trial court should have suppressed the evidence because the facts do not warrant a stop under Terry v.Ohio (1968), 392 U.S. 1.
Police were dispatched to an assault call and while en route, a description of the suspect was given as a white male wearing a ball cap with "South Central" on the cap. T. at 6. Police were also told a citizen called concerning the Ridgefield call and stated that two suspects jumped into a small blue car bearing an Ohio license tag AHA, heading on Union Street back toward Ridgefield. T. at 7. Less than a minute and a half later, the officers observed a vehicle driving slowly matching the previous description with four persons who were staring straight ahead. T. at 8. The stop was effectuated in the immediate vicinity of the assault call. (20 houses) T. at 10, 15. The car was stopped and the occupants were questioned and handcuffed. The son of the owner of the vehicle gave permission to the officer to search the vehicle. When the vehicle was searched, a black cap with "South Central" on it was found. T. at 11. The assault victim identified appellant as the assailant. T. at 12.
By judgment entry filed January 28, 1998, the trial court concluded that the stop and search were objectively justified by specific articulable facts.
We concur with the trial court's analysis that the requirements for a warrantless stop and search under Terry v. Ohio
(1968) U.S. 392, and its protogen is whether the police can articulate specific facts that give rise to a reasonable suspicion of criminal activity based upon the totality of the circumstances. The totality must be evaluated "through the eyes of a reasonable and cautious police officer on the scene and guided by his experience and learning." State v. Bobo (1988) 37 Ohio St.3d 177,179.
The police sub judice knew a crime had been committed [the assault]. They were in the immediate vicinity of the assault and were provided with information regarding the assault and that two persons had just jumped into a small blue car bearing Ohio license plate AHA. Within a minute and a half of the call, they observed a car matching the description in the vicinity of the assault driving slowly (20 mph) and the occupants were only looking ahead which appeared to not be normal to the officer. Because the car (with matching color, size and partial license plate) was in the immediate vicinity of the crime within one and a half minutes of the call, we find the facts to be sufficient to meet the standards of Terry and Bobo.
Accordingly, we find the trial court did not err in denying the motion to suppress. Appellant's sole assignment of error is denied.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.